**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | CASE NO. 25-53640-PMB |
| **GLOBAL CONCESSIONS, INC.,** | CHAPTER 11 |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS ARISING
UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT**

Global Concessions, Inc. (the "**Debtor**"), hereby files this *Motion for Entry of an Order Authorizing the Debtor to Pay Certain Prepetition Claims Arising Under the Perishable Agricultural Commodities Act* (the "**Motion**"), respectfully showing the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper under 28 U.S.C. §§ 1408 and 1409. The Debtor consents to the entry of final orders and judgments by the Bankruptcy Court.

2.      The statutory predicates for the relief requested herein are Sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### BACKGROUND

3.      On April 2, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code.  No request has

been made for the appointment of a trustee or examiner, and an official committee of unsecured creditors has been appointed [Doc. 96].

4.      The Debtor is in the food industry, operating restaurants within the Atlanta airport. In connection with these services, the Debtor relies on certain vendors that provide unique and necessary products that are crucial to its business. Without access to these products, the Debtor would be unable to continue providing the services that its customers have come to expect, and it would experience a significant loss of revenue and customer goodwill that could jeopardize its reorganization efforts.

5.      The Debtor negotiates directly with suppliers for the purchase of raw and processed materials for both Debtor-branded and franchised restaurants. Timely, uninterrupted provision of goods and services is crucial to the Debtor's business. The Debtor cannot afford to have its supply of food cut off. The Debtor brings this Motion to ensure it has the means to pay PACA Claimants (defined below) so that the flow of crucial goods will be provided and services will be maintained without interruption. Any such interruption would be devastating to the Debtor, its business, and its efforts to restructure.

6.      As described in greater detail below, various third parties may be able to assert liens against statutorily-created trust assets or against the assets of the Debtor and its estate, including the PACA Claimants (as defined below).

7.      Without the relief requested herein, the Debtor believes that many of the PACA Claimants may cease delivering goods and providing services to the Debtor, which could have devastating consequences for the Debtor's efforts to continue to operate its business in the ordinary course in order to effectuate a successful restructuring.

**The PACA Claims**

8.        In the ordinary course of business, the Debtor sources and purchases a variety of consumable goods including, among other items, dairy products, frozen meat,[1] poultry and seafood products, frozen fruits and vegetables, and fresh fruits and vegetables for use in its restaurants.

9.        Prior to the Petition Date, certain vendors sold products to the Debtor that may be deemed "perishable agricultural commodities," under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a, *et seq.* ("**PACA**"). As a result, certain of the Debtor's unpaid suppliers (the "**PACA Claimants**")[2] may assert that they are entitled to a claim under PACA (the "**PACA Claims**") and to recover from PACA Trust Assets (defined below).

10.       To ensure that the Debtor continues to receive a constant supply of fresh fruits and vegetables and other similar consumable goods on a postpetition basis, the Debtor seeks authority, in its discretion, to pay PACA Claims arising prior to the Petition Date, subject to the Debtor's approved cash collateral budget, as the same may be amended and approved by the Court.

11.       Congress enacted PACA to regulate the sale of "perishable agricultural commodities." 7 U.S.C. § 499a; *see Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 1995). Under PACA, the term "perishable agricultural commodity" is

---

[1]  The Debtor does not believe that its vendors have sold them "livestock," "poultry," "meat food products," "livestock products," "poultry product" or any other eligible goods covered by the Packers and Stockyards Act of 1921 as amended, 7 U.S.C. §§ 181, *et seq.* ("**PASA**"), which prescribes the conditions of operations for businesses dealing in livestock. In the unlikely event, however, that any supplier claims fall under PASA, the Debtor submits that it is in the best interests of the Debtor's estate, creditors and parties-in-interest to treat such claims in a manner identical to the PACA Claims. PASA creates a statutory trust scheme that is virtually identical to PACA with respect to delivery of livestock and other eligible goods. *See In re W.L. Bradley Co.*, 75 B.R. 505, 509 (Bankr. E.D. Pa. 1987) ("The Legislative history expressly notes that the [PACA Trust] was modeled on the trust amendment to the Packers and Stockyards Act."). Accordingly, for purposes of this Motion and any related orders, to the extent applicable, the term "PACA Claims" shall also incorporate any claims arising under PASA.

[2]  Some states have enacted statutes granting protection similar to that of PACA. Accordingly, the relief requested in this Motion with respect to PACA Claimants and PACA Claims is also requested with respect to the goods, claims, and claimants under those state statutes having an effect and purpose similar to PACA.

-3-

generally defined as "[f]resh fruits and fresh vegetables of every kind and character." 7 U.S.C. § 499a(b)(4)(A). PACA provides various protections to fresh fruit and vegetable sellers, including the establishment of a statutory constructive trust (the "**PACA Trust**"), consisting of a purchaser's entire inventory of food or other derivatives of perishable agricultural commodities, the products derived therefrom and the proceeds related to any sale of the commodities or products (collectively, the "**PACA Trust Assets**"). *See* 7 U.S.C. § 499e(c)(2).

12.    PACA Trust Assets are preserved in a non-segregated floating trust and may be commingled with non-trust assets. Nevertheless, courts have consistently held that such assets are not property of a debtor's estate. *See, e.g.*, *In re Churchfield*, 277 B.R. 769, 776 (Bankr. E.D. Cal. 2002) ("Simply put, section 541(d) excludes from the bankruptcy estate the equitable interest of any property described in subsections (a)(1) and (a)(2) which a debtor holds in trust for a third party. Interpreting section 541(d) of the Bankruptcy Code, the courts have universally recognized that any property held by a debtor in a statutory PACA Trust is excluded from the bankruptcy estate."); *In re Chipwich, Inc.*, 165 B.R. 135, 138 (Bankr. S.D.N.Y. 1994) ("Section 499e(c) of PACA gives sellers who comply with its requirements the equitable interest in the products sold. That interest is not 'property of the estate' under 11 U.S.C. § 541. Accordingly, where trust benefits are properly preserved, a debtor merely holds legal title in trust for sellers. The equitable interest in the property remains outside the estate. Therefore, the beneficial interest in the assets subject to a PACA trust never become property of the estate.") (internal citations omitted). *See also In re Kornblum & Co.*, 81 F.3d 280, 284 (2d Cir. 1995)*; Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993); *In re CFP Liquidating Estate*, 405 B.R. 694, 697 (Bankr. D. Del. 2009); *In re Long John Silver's Restaurants, Inc.*, 230 B.R. 29, 32 (Bankr. D. Del. 1999).

13.    However, certain procedural steps must be taken by a seller in order to preserve its rights as a PACA trust beneficiary. Specifically, a vendor must provide written notice to the purchaser of such goods and its intent to preserve the benefits of the PACA Trust. *See Pacific Intern. Marketing, Inc. v. A & B Produce, Inc.*, 462 F.3d 279, 282 (3d Cir. 2006); *In re H.R. Hindle & Co., Inc.*, 149 B.R. 775, 785 (Bankr. E.D. Pa. 1993). Written notice under PACA may be accomplished by either (a) indicating the statutorily-mandated language on the face of the vendor's invoices or (b) providing written notice to the purchaser of the PACA goods within 30 calendar days after the time payment is due. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 136 (3d Cir. 2000). Beneficiaries of a PACA Trust that adhere to the statutory notice requirements are entitled to prompt payment from the PACA Trust Assets ahead of secured and unsecured creditors of a debtor's estate. *Pacific Int'l Marketing*, 462 F.3d at 283; *Cavendish Farms v. Ameriserve Food Distrib. (In re Ameriserve Food Distrib.)*, 2000 WL 33682392, at *1 (Bankr. D. Del. June 22, 2000) ("Thus, funds held in trust created pursuant to PACA are excluded from the bankruptcy estate and a perfected PACA trust beneficiary is entitled to priority payments in full from those trust assets before other creditors, both secured and unsecured, receive any payment from those sale proceeds.") *see also In re Long John Silver's Restaurants*, 230 B.R. 29, 32 (Bankr. D. Del. 1999).[3]

14.    The Debtor believes that a certain portion of the goods purchased from its vendors may qualify as "perishable agricultural commodit[ies]" under PACA. Should such vendors comply with the relevant notice requirements, such vendor will be eligible to assert PACA Claims, granting them priority ahead of all other creditors in this chapter 11 case. Accordingly, payment

---

[3]  PACA's application is limited to sales to commission merchants, brokers, and dealers. 7 U.S.C. § 499e(c). "Dealer," as such term is defined in PACA, is "any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b).

of PACA Claims at this time will not prejudice or affect the amount available for distributions to other creditors of the Debtor. Subject to the receipt of payment for a PACA Claim, a PACA Claimant that accepts payment from the Debtor in satisfaction of its valid PACA Claim will be deemed to have waived any and all claims of whatever type, kind or priority against the Debtor, its property, its estate, and any PACA Trust Assets.

### RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

15.     By this Motion, the Debtor requests the Court enter an order substantially in the form attached hereto as **Exhibit A** authorizing, but not directing, the Debtor, in its discretion, to pay PACA Claims, as summarized immediately below.

16.     The Debtor has thus far identified approximately $95,818.12 in PACA Claims held by two PACA Claimants, specifically Royal Food Service Co., Inc. and Performance Food Group, Inc.  The Debtor proposes to pay these PACA Claimants, on a *pro rata* basis, a total weekly amount of approximately $11,977.26 per week for eight weeks, which should result in payment in full of their PACA Claims.

17.     The payment of allowed PACA Claims is warranted under sections 105(a), 363, and 541 of the Bankruptcy Code because assets governed by PACA do not constitute property of the Debtor's estate. *See In re Kornblum & Co.*, 81 F.3d 280, 284 (2d Cir. 1995); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993); *In re Churchfield*, 277 B.R. at 776 (Bankr. E.D. Cal. 2002); *In re Chipwich, Inc.*, 165 B.R. at 138 (Bankr. S.D.N.Y. 1994); *In re Long John Silver's Restaurants, Inc.*, 230 B.R. at 32 (Bankr. D. Del. 1999). As a result, the distribution of assets to the PACA Claimants falls outside the priority scheme of the Bankruptcy Code, and the PACA Claimants holding allowed PACA Claims are, thus, entitled to payment from the PACA Trust ahead of the Debtor's other creditors. *See, e.g., In re Magic Rests., Inc.*, 205 F.3d

108, 111 (3d Cir. 2000); *Tom Lange Co., Inc. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit and Produce Co.)*, 12 F.3d 806, 809 (8th Cir. 1993). In addition, the disposition of PACA Trust Assets is subject to the jurisdiction of the bankruptcy court. *See Monterey Mushrooms, Inc. v. Carolina Produce Distribs., Inc.*, 110 B.R. 207, 209 (W.D.N.C. 1990); *Allied Grocers Co-Op, Inc. v. United Fruit and Produce Co., Inc.*, 86 R. 14, 16 (Bankr. D. Conn. 1988).

18.    Because the assets held in a PACA Trust are not property of the Debtor's estate, the relief requested herein does not prejudice the Debtor's creditors. In fact, payment made to PACA Claimants on account of allowed PACA Claims is consistent with the intent of PACA and, moreover, will inure to the benefit of the Debtor and all parties-in-interest by (a) facilitating the continued purchase and receipt of fresh produce and other products and (b) avoiding potential disruption to the Debtor's business operations.

19.    Further, in certain circumstances, shareholders, officers, or directors of a corporate entity who are in a position to control trust assets but breach the fiduciary duty to preserve those assets may be held personally liable under PACA. *See Food Team Intern., Ltd. v. Unilink, LLC*, 595 Fed.Appx. 146, 149-50 (3d Cir. 2014); *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 169-70 (3d Cir. 2010) (holding an individual not personally liable for a corporation's breach of its fiduciary duties to PACA trust where the individual was determined to not hold an actual ability to control the trust assets); *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 421 (3d Cir. 2005); *Golman-Hayden Co. Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 350 (5th Cir. 2000) (noting that a court, in determining personal liability, should consider (a) whether the individual's involvement with the corporation was sufficient to establish legal responsibility and (b) whether the individual, in failing to exercise any appreciable oversight of the corporation's management, breached a fiduciary duty owed to the PACA creditors). Thus, to the extent that any

valid obligations arising under PACA remain unsatisfied by the Debtor, the Debtor's officers and directors may be subject to lawsuits during the pendency of this chapter 11 case. Any such lawsuit would distract the Debtor and its officers and directors in their attempt to implement a restructuring of the Debtor and, moreover, could lead to the assertion of substantial indemnification claims against the Debtor.

20.     Finally, payment of allowed PACA Claims will inure to the benefit of the Debtor's estate by preserving goodwill between the Debtor and certain of the vendors of fresh produce and other products. Without implementation of these procedures, the Debtor could be subject to numerous claims and adversary proceedings, including motions by PACA Claimants for relief from the automatic stay and/or injunctive relief, which would result in the unnecessary expenditure of time, effort and money by the Debtor.

21.     Further, the Debtor seeks a waiver of any stay of the effectiveness of the Order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the payments proposed herein are essential to prevent immediate and irreparable harm to the Debtor's business operations. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

[*Remainder of page intentionally left blank*]

<u>**CONCLUSION**</u>

For the reasons set forth above, the Debtor requests that this Court enter an Order authorizing but not directing the Debtor to pay the PACA Claims as set forth herein and granting such other relief as is just and proper.

Dated: May 27, 2025                  Respectfully submitted,


**KECK LEGAL, LLC**

<u>*/s/ Benjamin R. Keck*</u>
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
<u>bkeck@kecklegal.com</u>
***Counsel for the Debtor***

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-53640-PMB** |
| **GLOBAL CONCESSIONS, INC.,** | **CHAPTER 11** |
| **Debtor.** | |

**ORDER GRANTING**
**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS ARISING**
**UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT**

This matter came before the Court on _____ 2025 for a hearing (the "**Hearing**") on the

Debtor's *Motion for Entry of an Order Authorizing the Debtor to Pay Certain Prepetition Claims*

*Arising Under the Perishable Agricultural Commodities Act* [Doc. ___] (the "**Motion**")[1] filed on

May 27, 2025 by the above-named debtor (the "**Debtor**"). Upon consideration of the Motion,

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

representations of counsel at the Hearing, and all other matters of record; and it appearing that this

Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it

appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28

U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the

best interests of the Debtor, its estate, creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      For the reasons set forth on the record at the Hearing, the Motion is GRANTED as
set forth herein.

2.      The Debtor is authorized, but not directed, in the reasonable exercise of its business
judgment to pay the PACA Claims as set forth in the Motion, provided however that any such
payments shall not exceed the "Budget" as defined in the order of the Court approving the use of
cash collateral in this chapter 11 case, as the same may be amended and approved by the Court.

3.      Nothing herein shall impair or prejudice the Debtor's ability to contest, in its sole
discretion, the extent, perfection, priority, validity, or amounts of any claims held by any holder
of a PACA Claim. The Debtor does not concede that any claims satisfied pursuant to this Order
are valid, and the Debtor expressly reserves all rights to contest the extent, validity, or perfection
or seek the avoidance of all such liens or the priority of such PACA Claims.

4.      Nothing contained in the Motion or this Order, and no action taken pursuant to the
relief requested or granted (including any payment made in accordance with this Order), is
intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for,

or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

6.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###

**Prepared and presented by:**

KECK LEGAL, LLC

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Hwy NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
*Counsel for the Debtor*


**Distribution List**

Benjamin R. Keck
KECK LEGAL, LLC
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329

Office of the United States Trustee
Attn: Jonathan S. Adams
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

-4-