# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>GLOBAL CONCESSIONS INC,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 25-53640-PMB |

**RESPONSE TO (I) CITY OF ATLANTA'S EMERGENCY MOTION TO COMPEL DEBTOR TO COMPLY WITH POST-PETITION RENT OBLIGATIONS AND (II) HOST'S MOTION TO COMPEL DEBTOR TO COMPLY WITH POST-PETITION RENT OBLIGATIONS**

The Committee of Unsecured Creditors ("**Committee**"), by and through the undersigned counsel, and hereby files this Response (the "**Response**") to the Emergency Motion to Compel Debtor to Comply with Post-Petition Rent Obligations (Dkt. 94) filed by the City of Atlanta (the "**City**") and the Motion to Compel Debtor to Comply with Post-Petition Rent Obligations (Dkt. 103) filed by Host+ATLChefs JV3, LLC ("**JV3**") and Host+ATLChefsJV4, LLC ("**JV5**" and collectively, "**Host**") and respectfully shows the Court as follows:

1. The undersigned counsel for the Committee has communicated with counsel for the City, counsel for Global Concessions, Inc. ("**Debtor**"), and counsel for Host since the filing of the City of Atlanta's Emergency Motion to Compel Debtor to Comply with Post-Petition Rent Obligations (Dkt. 94) and the Motion to Compel Debtor to Comply with Post-Petition Rent Obligations (Dkt. 103). Both of these motions requests that the Court compel Debtor to immediately pay Minimum Annual Guaranty rent ("**MAG**") due before the filing of this case as part of a Percentage Rent calculation due post-petition.

2. The Committee understands that the parties are negotiating regarding a consensual resolution. The Committee believes a reasonable consensual resolution to be the best outcome

regarding this motion, but files this response to preserve its rights should a consensual resolution not be reached.

3. The Committee understands that the principal issue between the City and the Debtor is whether percentage rent that is due on the 10th day of each following month includes the amounts that were previously due as on the first day of the prior month. Thus, the City takes the position that the MAG due on March 1, 2025, which was not paid, is due as part of the calculations of April Percentage Rent (which is based on March sales).

4. The Committee disagrees with the City's position that the amounts due on March 1, 2025 as minimum rent should be again due as part of April Percentage Rent.

5. Debtor holds two leases with the City. One is for spaces in Concourses B & F. The other is for spaces in Concourse C. The Committee understands that the City relies on Section 5.1.4 of each lease, which for this issue are substantially similar language.

6. Section 5.1.4 of the lease for Concourses B & F reads:

> Rent will be paid monthly in advance, beginning on the Commencement Date, expect as provided in the section titled "Commencement Date; Term" and as provided in section 7.3.2. Concessionaire will pay one-twelfth (1/12th) of the MAG on the first day of each month. By the 10th day of each month, Concessionaire will submit a report, in a form provided by the Department of Aviation, of actual Gross Receipts received during the previous month along with the calculation of Percentage Rent for such previous month and if greater than the previously paid MAG, a check representing the <u>additional</u> rent owed as a result of such Percentage Rent calculation.

Dkt. 94 at 28 (emphasis added).

7. Section 5.1.4 of the lease for Concourse C reads:

> Rent will begin to accrue on the 181st day following the Commencement Date or on the date the concession opens for business, whichever is sooner. Concessionaire will pay one-twelfth (1/12th) of the MAG on the first day of each month. By the tenth (10th) day of each month, Concessionaire will submit a report, in a form provided by DOA, of actual Gross Receipts received during the previous month along with the calculation of Percentage Rent for such previous month and if greater

>than the previously paid MAG a check representing the <u>additional</u> rent owed to the City as a result of such Percentage Rent calculation.

Dkt. 94 at 158 (emphasis added).

8. Under these paragraphs, what is due on the 10th of each month is the "additional rent" over and above the MAG due on the first day of the prior month.

9. However, the City takes the position that the payment due on the 10th day of April would be the March MAG if not previously paid, plus the additional amounts due based on the calculation of percent rents, citing the words "previously paid MAG" in the last sentence of 5.1.4.

10. First, this interpretation of the language ignores the plain meaning of the sentence. Section 5.1.4 assumes that MAG has been paid on the first of the prior month. If the Percentage Rent is higher than the MAG based on the sales, then the Debtor owes additional rent over and above the minimum required for MAG.

11. The City seeks to infer a negative implication that is not stated in the sentence: i.e., that if MAG is not paid, then MAG <u>plus</u> the Percentage Rent must be paid on the 10th of each month. But the sentence does not state that. Instead, it assumes "previously paid MAG." The City's idea of a credit for MAG when calculating Additional Rent is simply not supported by the lease language. Rather, the language provides for an "additional payment."

12. Second, practically speaking, the interpretation proffered by the City would require Debtor to make a pre-petition lease payment. The parties agree that March MAG was first due on March 1, 2025. But the City's interpretation would require the amounts due for March MAG to again be due on April 10th, which is post-petition, and request the Court to compel the Debtor to make this payment. The same amount does not have two due dates. Rather, the March MAG was due on March 1, 2025 and was pre-petition. It should not be due again on April 10th. The Court

should deny the City's Motion to the extent it seek payment of amounts representing MAG due pre-petition.

13. The Debtors also hold two subleases with Host: one with JV3 and one with JV5. These subleases have similar language.

14. Section 10.05 of the JV3 Lease reads:

> 10.05 Percentage Rent Payments and Gross Receipts Reporting. Concessionaire shall furnish to JV 3, on or before the 5th day following each calendar month or partial month occurring during the term of this Sublease, via fax to the attention of the Sublease Compliance Department at (866) 721-2326 or (301) 896-5118, or via a website as may be developed and required by JV 3, a detailed statement certified by the Concessionaire and prepared in a manner consistent with the requirements of the Concessions Agreement and otherwise reasonably approved by JV3, of the Gross Receipts derived at or from the Premises during the previous calendar month and the calculation of Concessionaire's payments due to JV 3 for the previous calendar month. With such statement Concessionaire shall calculate and pay. any <u>additional amount due over and above the monthly Minimum Rent</u>. Concessionaire's Percentage Rent payment is considered late if JV 3 has not received the payment in full by the 5th day of each month.

Dkt. 103 at 31 (emphasis added).

15. Section 10.05 of the JV 5 Lease reads:

> 10.05. Percentage Rent Payment and Gross Receipts Reporting. Concessionaire shall furnish to JV 5, on or before the 5111 day following each calendar month or partial month occurring during the term of this Sublease, via fax to the attention of the Sublease Compliance Department at (866) 721 - 2326 or (301) 896~5118, or via a website as may be developed and required by JV 5, a detailed statement certified by the Concessionaire and prepared in a manner consistent with the requirements of the Concessions Agreement and otherwise reasonably approved by JV 5, of the Gross Receipts derived at or from the Premises during the previous calendar month and the calculation of Concessionaire's payments due to JV 5 for the previous calendar month. With such statement Concessionaire shall calculate and pay any <u>additional amount due over and above the monthly Minimum Rent</u>. Concessionaire' s Percentage Rent payment is considered late if JV 5 has not received the payment in full by the 5th day of each month.

Dkt. 103 at 92-93 (emphasis added).

16. As with the City's leases, the Percentage Rent that is due post-petition is "any <u>additional amount</u> due over and above the monthly Minimum Rent." Section 10.05 does not make the MAG that is due the month prior to again be due as part of Percentage Rent. Rather, the amount that is due as Percentage Rent is the "additional amount." Further, unlike the City's leases, the language does not include the words "previously paid" (which the City's argument focuses on). Rather, the language requires payment of any amounts "over and above the monthly Minimum Rent."

17. The Court should deny both motions, as the amounts requested are amounts due pre-petition, not post-petition.

18. The Committee reserves the right to supplement or amend this Response.

Respectfully submitted this 13th day of June, 2025.

                                                  **JONES & WALDEN LLC**

                                                  <u>/s/ Thomas T. McClendon</u>
                                                  Thomas T. McClendon
                                                  Georgia Bar No. 431452
                                                  Proposed Attorney for the Committee
                                                  of Unsecured Creditors
                                                  699 Piedmont Ave NE
                                                  Atlanta, Georgia 30308
                                                  (404) 564-9300
                                                  tmcclendon@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>GLOBAL CONCESSIONS INC,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 25-53640-PMB |

**CERTIFICATE OF SERVICE**

  This is to certify that on this day the foregoing *Response to (i) City of Atlanta's Emergency Motion to Compel Debtor to Comply with Post-Petition Rent Obligations and (ii) Host's Motion to Compel Debtor to Comply with Post-Petition Rent Obligations* ("Response") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and accompanying link to the Response to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Jonathan S. Adams**   jonathan.s.adams@usdoj.gov
- **Evan M. Altman**   evan.altman@laslawgroup.com, soraya.hedjazi@laslawgroup.com
- **Maxwell William Bowen**   max@roblgroup.com
- **Morgan Steele Cantey**   scantey@manierherod.com, cburu@manierherod.com; wgass@manierherod.com;mlee@manierherod.com
- **Jonathan D Clements**   jclements@kecklegal.com
- **Kate Ellis**   kellis@mccarronlaw.com
- **Michael F. Holbein**   mholbein@sgrlaw.com
- **Benjamin R Keck**   bkeck@kecklegal.com, 2411851420@filings.docketbird.com, 9222034420@filings.docketbird.com
- **Maysen Moorehead**   mmoorehead@kecklegal.com
- **Sean O'Donovan**   sodonovan@bakerdonelson.com, mparris@bakerdonelson.com
- **Michael D. Robl**   michael@roblgroup.com, max@roblgroup.com, dbridges@roblgroup.com
- **Kevin A. Stine**   kstine@bakerdonelson.com, smeadows@bakerdonelson.com; ali.lowe@bakerdonelson.com

  This 13th day of June, 2025.

              **JONES & WALDEN LLC**
              */s/ Thomas T. McClendon*
              Thomas T. McClendon
              Georgia Bar No. 431452
              Proposed Attorney for Committee
              of Unsecured Creditors
              699 Piedmont Avenue, NE
              Atlanta, GA 30308
              (404) 564-9300 | tmcclendon@joneswalden.com