**IT IS ORDERED as set forth below:**



**Date: July 18, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **In re:** | **CASE NO. 25-53640-PMB** |
| **GLOBAL CONCESSIONS, INC.,** | **CHAPTER 11** |
| Debtor. | |

### ORDER GRANTING
### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
### THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS ARISING
### UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT

This matter came before the Court on June 16, 2025 for a hearing (the "**Hearing**") on the Debtor's *Motion for Entry of an Order Authorizing the Debtor to Pay Certain Prepetition Claims Arising Under the Perishable Agricultural Commodities Act* [Doc. 125] (the "**Motion**")[1] filed on

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

May 27, 2025 by the above-named debtor (the "**Debtor**"). At the Hearing, counsel for the Debtor announced that the Debtor had received an informal objection to the Motion from Royal Food Service Co., Inc. based on its claim being understated in the Motion, and Debtor's counsel announced that the Debtor had agreed to the higher amount in order to resolve that objection, which would increase the total amount of PACA Claims from the $95,818.12 set forth in the Motion to a revised total amount of approximately $107,299.00. No other parties objected to the Motion. Upon consideration of the Motion, representations of counsel at the Hearing, and all other matters of record; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    For the reasons set forth on the record at the Hearing, the Motion is GRANTED as set forth herein.

    2.    The Debtor shall pay the PACA Claims in the revised total amount of approximately $107,299.00, of which $42,948.52 is owed to Royal Food Service Co., Inc. and $64,350.48 is owed to Performance Food Group, Inc., in approximately eight equal weekly installments, <u>provided however</u> that any such payments shall not exceed the amounts authorized

under the order of the Court approving the use of cash collateral in this chapter 11 case, as the same may be amended and approved by the Court.

3. Nothing herein shall impair or prejudice the Debtor's ability to contest, in its sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any holder of a PACA Claim. The Debtor does not concede that any claims satisfied pursuant to this Order are valid, and the Debtor expressly reserves all rights to contest the extent, validity, or perfection or seek the avoidance of all such liens or the priority of such PACA Claims.

4. Nothing in this Order shall be construed to impair, prime, subordinate, or otherwise modify the rights of parties holding valid claims under the statutory trust created pursuant to the PACA, all of which are expressly reserved.

5. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtor or

any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10. The Debtor's Counsel shall, within three (3) business days of the entry of this Order, cause a copy of this Order to be served by first class mail, postage prepaid, on all parties served with the Motion and shall file promptly thereafter a certificate of service confirming such service.

### END OF ORDER ###

**Prepared and presented by:**

KECK LEGAL, LLC

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Hwy NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
*Counsel for the Debtor*

**Distribution List**

Benjamin R. Keck
KECK LEGAL, LLC
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329

Office of the United States Trustee
Attn: Jonathan S. Adams
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303