**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-53640-PMB** |
| **GLOBAL CONCESSIONS, INC.,** | **CHAPTER 11** |
| Debtor. | |

**DEBTOR'S MOTION TO ASSUME UNEXPIRED LEASES**

Global Concessions, Inc. ("**Global**" or the "**Debtor**") files this *Motion to Assume Unexpired Leases* (the "**Motion**"), respectfully moving this Court for entry of an order substantially in the form of the proposed order attached hereto as **Exhibit A**, authorizing the assumption and assignment of certain leases between the Debtor and the City of Atlanta pursuant to sections 105(a) and 365 of the Bankruptcy Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), respectfully showing the Court as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are §§ 365(a) and 105(a) of the Bankruptcy Code and Rules 6006 and 9014 of the Bankruptcy Rules.

**BACKGROUND**

2. On April 2, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of Section 1107(a) and

1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. An official committee of unsecured creditors has been appointed [Doc. 96].

4. Global was founded in 1991 and is a leading name in the hospitality industry. Global operates multiple dining experiences at Hartsfield-Jackson Atlanta International Airport (the "**Airport**").

5. The Debtor is the tenant under two relevant unexpired leases with the City of Atlanta (the "**City**") as landlord for the use of certain real property for operations of several of its restaurants at the Airport:

a. The Agreement for Concourses "B" & "F" Food and Beverage Concessions at Hartsfield-Jackson Atlanta International Airport, as amended (the "**B & F Lease**").

b. The Concessions Lease Agreement for Food and Beverage Concessions on Concourse C Midpoint at Hartsfield-Jackson Atlanta International Airport, as amended (the "**C Lease**" collectively with the B & F Lease the "**City Leases**").[1]

6. The B&F Lease expires in 2026, and the C Lease expires in 2033; therefore both are currently unexpired leases capable of being assumed and assigned by the Debtor.

7. The Debtor is in the midst of a sale process pursuant to which it intends to assume and assign the City Leases to a purchaser. Pursuant to the Court's *Order Granting Debtor's Motion for an Order (I) Approving Bid Procedures for the Sale of Debtor's Assets, (II) Scheduling Hearings and Objection Deadlines with Respect to the Sale, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Doc. 242] (the "**Bid**

---

[1] True and correct copies of the City Leases are attached as exhibits to the City's *Emergency Motion to Compel Debtor Comply with Post-Petition Rent Obligations* [Doc. 94].

**Procedures Order**"), the Debtor seeks to assume the City Leases and seek approval of an assignment of those leases to a buyer pursuant to the Bid Procedures Order, which provides for an auction that is scheduled to take place on November 4, 2025, with a hearing set for November 10, 2025 (the "**Sale Hearing**") where the Debtor intends to seek Court approval of the proposed asset sale under section 363 of the Bankruptcy Code and related contract and lease assumptions and assignments.

### RELIEF REQUESTED AND BASIS FOR RELIEF

8. By this Motion, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** authorizing and approving the assumption and assignment of the City Leases.

9. The Court should authorize assumption and assignment of the City Leases. Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession, "subject to the court's approval, may assume . . . any . . . unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993).

10. A debtor-in-possession's decision to assume or reject an unexpired lease is subject to review under the business judgment standard. *See In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Orion Pictures Corp.*, 4 F.3d at 1098–99. Under this rule, the debtor-in-possession's assumption of a lease is appropriate if it will benefit the estate. *Westship, Inc. v. Trident Shipworks, Inc.*, 247 B.R. 856, 866 (M.D. Fla. 2000). Upon finding that a debtor has exercised sound business judgment in determining that assumption of a particular contract is in the

best interests of the estate, the Court should approve assumption under section 365(a) of the Bankruptcy Code. *In re Gucci*, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"). In the case of assumption, "[t]he § 365 election permits a [debtor-in-possession] to . . . continue performance on a contract which will benefit the estate." *In re Diamond Mfg., Co*., 164 B.R. 189 (Bankr. S. D. Ga. 1994) (citing *In re Brada Miller Freight Sys., Inc*., 702 F.2d 890, 893 94 (11th Cir. 1983).

11.  The Debtor submits that assumption of the City Leases is justified under the business judgment standard. The restaurants that operate on the real property under the City Leases are the Debtor's most valuable assets, and it has received bids from several potential buyers who are interested in purchased substantially all of the Debtor's assets related to these restaurants at a valuation that will enable the Debtor to cure the City Leases and provide a significant distribution to its creditors. The assumption and assignment of both of the City Leases is contemplated in the Asset Purchase Agreement attached to the Debtor's *Notice of Stalking Horse Bidder* [Doc. 257], indicating that the assumption of the City Leases will bring value to the estate.

12.  Without the City Leases, the Debtor would be unable to operate these restaurants, and significant value to the estate would evaporate if the Debtor lost its going concern value for these locations and was instead forced to shutter the doors of these restaurants and sell its remaining assets for scrap. Simply put, restaurants without a place to be are not restaurants at all.

13.  In the Debtor's business judgment, the continued availability of the locations governed by the City Leases is necessary to support a successful sale and bring value to the estate. Therefore, it is in the best interests of the Debtor's estate and its creditors that the Debtor be authorized to assume and assign the City Leases.

14. Pursuant to section 365(b) of the Bankruptcy Code, for a debtor to assume an unexpired lease where a default has occurred, the debtor must "[cure] or provides adequate assurance that [it] will promptly cure, such default . . . [compensate], or provides adequate assurance that [it] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and provides adequate assurance of future performance under such contract or lease." 11 U.S.C. § 365(b).

15. The Debtor will promptly pay any cure amounts necessary for assumption and assignment of the City Leases and will be prepared to make a showing of adequate assurances of future performance on or before the date of the Sale Hearing. The cure amounts for the City Leases will be paid promptly following the Sale Hearing in the amounts set forth in the Debtor's *Amended Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Doc. 259] (the "**Cure Notice**"), subject to the resolution of any objections which have been filed pertaining to the proposed cure amounts.

16. Further, Section 365(f) of the Bankruptcy Code further authorizes a debtor-in-possession to "assign an . . . unexpired lease [if the debtor] assumes such . . . lease . . . and adequate assurance of future performance by the assignee of such contract or lease is provided." 11 U.S.C. § 365(f)(2). As indicated above, the Debtor intends to demonstrate adequate assurance of future performance of its proposed buyer under the City Leases no later than at the Sale Hearing, and therefore submits that approval of an assignment of the City Leases is appropriate.

[*Remainder of page intentionally left blank*]

## CONCLUSION

For the reasons stated above, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated: October 29, 2025

Respectfully submitted,

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
***Counsel for the Debtor***

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-53640-PMB** |
| **GLOBAL CONCESSIONS, INC.** | **CHAPTER 11** |
| Debtor. | |

**ORDER GRANTING DEBTOR'S MOTION TO ASSUME UNEXPIRED LEASES**

This matter came before the Court on _____. upon Debtor's Motion to Assume Unexpired Leases [Doc. ____] (the "**Motion**"),[1] and the Court, having reviewed the Motion; having determined that the relief requested in the Motion constitutes a sound exercise of the Debtor's business judgment; and based on the findings of fact and conclusions of law announced on the record which findings and conclusions are incorporated herein; it is

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

**HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtor is authorized to assume and assign the City Leases with the City of Atlanta.

3. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective immediately and enforceable upon its entry.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Highway NE, Ste 115
Atlanta, Georgia 30329
bkeck@kecklegal.com
*Counsel for the Debtor*

**Distribution List**

Benjamin R. Keck
Keck Legal, LLC
2801 Buford Highway NE, Ste 115
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was filed using the Court's CM/ECF system, which generates an electronic service copy thereof to all parties registered to receive notices thereby

Dated: October 29, 2025

Respectfully Submitted,

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Highway, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
***Counsel for the Debtor***